Timothy A Pratt *(admitted pro hac vice)*
Deborah A. Moeller *(admitted pro hac vice)*
Dana N. Gwaltney, SBN 209530
Sara J. Romano, SBN 227467
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 544-1900
Facsimile:   (415) 391-0281

Attorneys for Defendant
GUIDANT CORPORATION

**FILED**
OCT 2 4 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| ALPHONZO ALLEN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GUIDANT CORPORATION, <br><br> Defendant. | Case No. C:05-3042 MHP <br><br> (Related to Case No. C:05-3160 MHP) <br><br> STIPULATION AND [~~PROPOSED~~] ORDER FOR EXTENSION OF DEADLINES TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT AND TO PARTICIPATE IN PRETRIAL PROCEEDINGS PENDING JPML DETERMINATION |

IT IS HEREBY STIPULATED by and between the parties through their designated counsel that the deadline for Defendant to answer or otherwise respond to Plaintiff's Complaint, and the deadline for all parties to participate in pretrial proceedings in this matter, including ADR process selection, shall be extended pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML").

In a number of cases pending against Defendant in federal courts in various states, plaintiffs have filed motions to transfer and to consolidate their cases under 28 U.S.C. 1407 in the proceedings entitled *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL Docket

1  No. 1708. A hearing on these motions was held before the JPML on September 29, 2005. The
2  parties anticipate a ruling in the near future and expect that this case will be transferred to a
3  jurisdiction which will oversee the coordinated proceedings. In the short intervening time between
4  now and a determination by the JPML on whether to grant those motions, the time and resources of
5  the parties should not be expended in answering or responding to the complaint or in participating in
6  pretrial proceedings, including ADR process selection.

7  Pursuant to this stipulation, the deadline by which Defendant must answer or otherwise
8  respond to the Complaint in this action is as follows: (a) if those motions to transfer and consolidate
9  are *granted* by the JPML, a deadline set by the transferee court; or (b) if those motions are *denied* by
10 the JPML, thirty (30) days after such denial.

11 Additionally, pursuant to this stipulation, the deadline by which the parties must participate
12 in any pretrial proceedings -- including initiation of discovery requests, participation in pretrial
13 disclosures or activities in connection with FED. R. CIV. P. 16, 26, and L.R. 16-2, attendance at any
14 meet-and-confer conferences or hearings, and ADR process selection -- is as follows: (a) if those
15 motions to transfer and consolidate are *granted* by the JPML, a deadline set by the transferee court;
16 or (b) if those motions are *denied* by the JPML, no earlier than forty-five (45) days after such denial.

17 IT IS SO STIPULATED.

19 October 18, 2005

Respectfully submitted,

ALEXANDER, HAWES & AUDET, L.L.P.

By: _____
WILLIAM M. AUDET
JOSEPH RUSSELL
ADEL NADJI

Attorneys for Plaintiff
ALPHONZO ALLEN, Individually and
on behalf of all others similarly situated.

October 18, 2005

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____
DANA N. GWALTNEY
SARA J. ROMANO

Attorneys for Defendant
GUIDANT CORPORATION

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 10/24/05

_____
THE HONORABLE MARILYN H. PATEL